IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA D. LEWIS, Plaintiff, | § § § | |
| v. | § | No. 3:26-CV-1204-E-BW |
| ESSEX MORTGAGE, et al., Defendants. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are pro se Plaintiff Katrina D. Lewis's Motion to Remand filed on April 20, 2026 (Dkt. No. 5 ("Mot. Remand")) and Defendant Essex Mortgage's Motion to Dismiss filed on April 22, 2026 (Dkt. No. 8). For reasons explained below, the undersigned recommends that the District Judge deny Lewis's motion to remand and dismiss this action for failure to prosecute.

## I. BACKGROUND

Lewis initiated this action on April 7, 2026 by filing an Emergency Petition and Application for Temporary Restraining order and Temporary Injunction in the 95th Judicial District Court for Dallas County. (*See* Dkt. No. 1-3 ("Compl.").) Lewis names Essex Mortgage and "Substitute Trustees" as defendants. (*Id.*) She alleges that Essex Mortgage wrongfully proceeded with the foreclosure sale of her property at 201 Martin Drive in Lancaster, Texas. (*See id.*) She asserts claims based

[1] This case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 3.)

on violations of the Texas Property Code relating to required notices of foreclosure, proceeding with the foreclosure sale in violation of certain regulations and in breach of contract, and failure to follow Federal Housing Administration loss-mitigation requirements. (*See id.*) Lewis variably alleges that "Defendant" or "Defendants" committed violations, but, although she has named "Substitute Trustees" as Defendants in the lawsuit, she does not specifically identify any substitute trustee or allege any specific conduct or violation by any substitute trustee. (*See id.*)

Essex Mortgage timely removed the action on April 15, 2026. (*See* Dkt. No. 1.) It alleges that the Court may exercise jurisdiction under both 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). (*See* Dkt. No. 1 at 3-7.) Lewis filed a motion to remand arguing that the presence of a non-diverse substitute trustee destroys diversity, and she contends that her claims do not arise under federal statutes or regulations despite referring to them. (*See* Mot. Remand at 1.) Essex Mortgage filed its response to the remand motion on May 11, 2026. (Dkt. No. 12 ("Resp.").) Lewis has not filed a reply in support of the remand motion, and her time to do so has long passed. *See* N.D. Tex. L. Civ. R. 7.1(f).

Soon after Essex Mortgage filed its motion to dismiss on April 22, the Court apprised Lewis of her obligation to file a response within 21 days after the motion was filed, which was May 13, 2026. (*See* Dkt. No. 10 at 1.) Lewis, however, did not file a response to the motion to dismiss by that date and, on May 18, the Court sua sponte extended the deadline to file a response to June 1, 2026. (Dkt. No. 13.) The

Court warned Lewis that, if she failed to file a response within that extended period, the Court may resolve the motion to dismiss without her participation or may dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (*Id.* at 1.) Lewis's extended deadline passed almost three months ago, and she has not filed a response to the motion to dismiss or taken any other action in this case. In fact, Lewis has not done anything in this case since filing the motion to remand and related documents on April 20.

## II. LEGAL STANDARDS

### A. Motion to Remand

Section 1441(a) of Title 28, United States Code, authorizes a defendant to remove an action filed in state court provided the lawsuit is one over which the federal court has original jurisdiction. Most commonly, a defendant may remove an action based on diversity jurisdiction under 28 U.S.C. § 1332(a) or federal question jurisdiction under 28 U.S.C. § 1331. "Diversity cases are only removable when 'none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which the action is brought.'" *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 705 (N.D. Tex. 2011) (quoting 28 U.S.C. § 1441(b) (brackets omitted)). "If a defendant has been improperly joined, the citizenship of that defendant is disregarded for purposes of determining diversity." *Id.* (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). A defendant whose removal is based on an assertion that a non-diverse defendant was improperly

joined must satisfy a heavy burden of showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 705–06. To show the latter, the "defendant must demonstrate there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant." *Id.* at 706. Employing standards akin to those used for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court evaluating a defendant's attempt to show improper joinder considers whether there is a reasonable basis to conclude that the non-diverse defendant is liable to the plaintiff. *See id.*

**B. Involuntary Dismissal**

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019).

## III. ANALYSIS

### A. Lewis's motion to remand should be denied.

Essex Mortgage removed this action based on both diversity and federal question jurisdiction. The Court need only consider the former to resolve Lewis's motion to remand.

Essex Mortgage alleges that complete diversity exists. In its Amended Notice of Removal (Dkt. No. 11), it alleges that Lewis is a resident and citizen of Texas. (Dkt. No. 11 at 3.) Lewis acknowledges this. (Mot. Remand at 2.) Essex Mortgage alleges that it is a Florida corporation with its principal place of business in Florida. (Dkt. No. 11 at 3.) Lewis does not dispute Essex Mortgage's allegations about its citizenship.[2] Diversity, therefore, exists between Lewis and Essex Mortgage.

Lewis contends in her motion that complete diversity does not exist because public records for one of the substitute trustees, Shelly Ortolani, reflect a business address in Dallas, suggesting that she is a Texas citizen. (Mot. Remand at 2.) Lewis further contends that Ortolani conducted the foreclosure sale and committed the acts of which Lewis complains in this action. (*Id.* at 2-3.) Essex Mortgage argues that Ortolani's citizenship is immaterial to the assessment of diversity because she has been improperly joined.

---

[2] Nor does Lewis dispute that the amount in controversy is satisfied. Essex Mortgage alleges the property that is the subject of his lawsuit is valued at approximately $250,000. (Dkt. No. 11 at 6.)

Essex Mortgage contends that Lewis improperly joined the substitute trustees generally and Ortolani specifically, as the complaint is devoid of any facts plausibly suggesting that any substitute trustee is liable to Lewis. Indeed, Lewis has not named Ortolani as a defendant in this action, and her motion does not serve as an amendment to the complaint. *Cf. Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013) (noting that facts asserted in brief that are not contained in amended complaint are not properly considered on appeal from dismissal). And, as the Fifth Circuit has recognized, "district courts . . . routinely disregard the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees." *Sissom v. Countrywide Home Loans, Inc.*, 833 F. App'x 405, 407 (5th Cir. 2021) (citing cases, internal quotation marks omitted). Lewis argues that Ortolani is properly joined for acts done in bad faith or gross negligence, or for willful misconduct (*see* Mot. Remand at 3), but the facts alleged in the complaint do not support a plausible inference of such by any substitute trustee, much less the unidentified Ortolani. These labels that Lewis assigns to the trustees' conduct are precisely the kind of conclusory assertions that a court is not required to accept at this stage. *See Carlson v. Smith & Wesson, Inc.*, No. 3:25-CV-2456-K, 2026 WL 2428822, at *2 (N.D. Tex. Aug. 19, 2026) (noting, in context of improper-joinder analysis, that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). Based on the facts alleged by Lewis, Essex Mortgage has shown that

there is no possibility of recovery against Ortolani and, thus, Ortolani has been improperly joined. Disregarding factual allegations about Ortolani's citizenship, therefore, complete diversity exists and this Court may exercise jurisdiction under § 1332(a). Accordingly, Lewis's motion to remand should be denied.

### B. This action should be dismissed pursuant to Rule 41(b) because Lewis has abandoned her claims and has not shown that she intends to prosecute this lawsuit.

As stated above, Lewis has not filed a response to Essex Mortgage's motion to dismiss, even after the Court sua sponte extended her deadline to June 1. In fact, Lewis has filed nothing in this action since April 20, 2026, when she filed her motion to remand and related documents. (*See* Dkt. Nos. 5, 6, 7.) By continually failing to respond to the motion to dismiss or seek further extension of her deadline to do so, Lewis has manifested an apparent intent to abandon her claims. Having shown no interest in moving this case forward, dismissal without prejudice would be appropriate. *See Austin McGregor, LLC v. Fort Point Cap., LLC*, No. 4:25-CV-1192-BP, 2026 WL 1727137 (N.D. Tex. June 15, 2026) (dismissing case pursuant to Rule 41(b) where plaintiff failed to respond to motion to dismiss).

## IV. RECOMMENDATION

The undersigned magistrate judge **RECOMMENDS** that the Court **DENY** Plaintiff Katrina D. Lewis's Motion to Remand to State Court (Dkt. No. 5), **DISMISS** this action without prejudice for failure to prosecute, and **DENY** Defendant Essex Mortgage's Motion to Dismiss (Dkt. No. 8) as moot.

**SO RECOMMENDED** on August 28, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).